STATE OF WEST VIRGINIA

*In re* C.E. and B.T.

FILED

October 12, 2018

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 18-0270 (Mercer County 17-JA-135 and 136)

## MEMORANDUM DECISION

Petitioner Mother M.E., by counsel John G. Byrd, appeals the Circuit Court of Mercer County's March 5, 2018, order terminating her parental, custodial, and guardianship rights to C.E. and B.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Patricia Kinder Beavers, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 23, 2017, the DHHR filed an abuse and neglect petition alleging that petitioner physically assaulted the father and the grandmother of one of the children in the children's presence. Petitioner was arrested following the altercation. Additionally, the petition alleged that the father believed that petitioner was abusing substances. The circuit court held a preliminary hearing on July 6, 2017, during which petitioner was not present, but was represented by counsel. On September 22, 2017, the circuit court held an adjudicatory hearing at which petitioner stipulated to the allegations of abuse and neglect. She was granted a post-adjudicatory improvement period.

On February 28, 2018, the circuit court held a dispositional hearing. Petitioner did not appear for the hearing, but she was represented by counsel. Counsel for petitioner advised the circuit court that a letter was sent to petitioner informing her of the date and time of the dispositional hearing. A DHHR worker testified that petitioner attended a substance abuse

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

program from approximately October 2, 2017, to November 17, 2017, but failed to complete the program. The DHHR also presented testimony that petitioner entered into a second treatment facility, but failed to complete the program, leaving after just five days. According to the DHHR, petitioner did not complete parenting education classes or employment and housing education as required by her case plan. The DHHR worker further testified that petitioner's last visit with the children was in November of 2017, and she last had contact with the DHHR in December of 2017. Further, testimony was presented to show that petitioner participated in random drug screening, but she admitted to using illegal substances and tested positive for hydromorphone on several occasions. Based upon the evidence presented at the dispositional hearing, the circuit court terminated petitioner's parental, custodial, and guardianship rights in its March 5, 2018, order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights without first granting her an extension of her post-adjudicatory improvement period or a post-dispositional improvement period. We disagree. West Virginia Code § 49-4-610(6) provides that a circuit court may extend an improvement period when it finds that the parent "has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child." During her post-adjudicatory improvement period, petitioner failed to complete a substance abuse treatment program and continued to abuse substances. Additionally, she did not comply with services, ceased visitation with the children in November of 2017, and stopped contacting the DHHR in December of 2017. Alternatively, pursuant to West Virginia

---

[2]According to the respondents, the permanency plan for C.E. is reunification with his father, while the concurrent plan is adoption. Permanency for B.T. has been achieved and he remains in the full custody of his nonabusing father.

Code § 49-4-610(3)(D), a circuit court may grant a parent an additional improvement period at disposition if, the parent "moves in writing for the improvement period" and "the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period . . . ." First, the record does not show that petitioner moved for a post-dispositional improvement period. Also, petitioner failed to establish a substantial change in circumstances since her initial improvement period or prove that she was likely to fully participate in a post-dispositional improvement period. Due to her continuing substance abuse issues, granting petitioner an extension of her post-adjudicatory improvement period or, alternatively, a post-dispositional improvement period would not have been in the children's best interests. Therefore, petitioner failed to meet either of the respective burdens to receive an extension of her post-adjudicatory improvement period or a post-dispositional improvement period.

In regard to the termination of petitioner's parental, custodial, and guardianship rights, West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental, custodial, and guardianship rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when the parent has not "responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." As discussed above, petitioner continued to abuse substances throughout the proceedings and failed to complete a treatment program. Additionally, petitioner did not comply with services, stopped contacting the DHHR in December of 2017, and failed to attend the dispositional hearing despite having notice. Based on this evidence, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and termination of her parental, custodial, and guardianship rights was necessary for the children's welfare. Therefore, we find no error in the circuit court's termination of petitioner's parental, custodial, and guardianship rights.

Further, petitioner argues that terminating her parental, custodial, and guardianship rights was not the least-restrictive dispositional alternative because one of the children's fathers was participating in an improvement period. However, we have held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W.Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further, "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *Id*. Therefore, leaving the child's father's parental, custodial, and guardianship rights intact to allow him to continue in an improvement period did not prohibit the circuit court from terminating petitioner's parental, custodial, and guardianship rights.

We have also held that

3

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). As discussed above, there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and termination of her parental, custodial, and guardianship rights was in the children's best interests. As such, termination of petitioner's parental, custodial, and guardianship rights was proper.

Lastly, due to the ongoing nature of C.E.'s father's abuse and neglect proceedings, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the dispositional order. As this Court has stated,

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under W.Va. Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

4

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 5, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating